# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE NONPARTY SUBPOENAS<br><br>VIDEOSHARE, LLC,<br><br>　　　　　Plaintiff,<br>v.<br><br>GOOGLE LLC and<br>YOUTUBE, LLC,<br><br>　　　　　Defendants. | CIVIL ACTION NO. _____<br><br>UNDERLYING LITIGATION:<br>CIVIL ACTION NO. 6:19-CV-00663-ADA |

## MOTION TO QUASH GOOGLE LLC AND YOUTUBE, LLC'S SUBPOENAS TO BUCHANAN INGERSOLL & ROONEY PC

VideoShare, LLC ("VideoShare") files this Motion to Quash Google LLC and YouTube, LLC's (collectively, "Google") Subpoena to Testify at a Deposition in a Civil Action and Subpoena to Produce Documents, Information, or Objects in a Civil Action ("Subpoenas") to VideoShare's patent prosecution counsel, Buchanan Ingersoll & Rooney PC ("Buchanan").[1]

### I. INTRODUCTION

This Court should quash the Subpoenas because the information Google seeks is either protected by the attorney-client privilege and/or the work product doctrine or imposes a disproportionate burden on Buchanan since more appropriate alternative sources are available for the information Google seeks. For example, all non-privileged materials regarding the prosecution of the asserted patent may be obtained via the publicly available file wrapper in the U.S. Patent and Trademark Office. And that information has *already been produced* by VideoShare in the underlying litigation.

---

[1] This motion is made following the conference of counsel pursuant to LCvR 7(m), which took place on March 31, 2021. Google is opposed to the relief requested herein.

Because the Subpoenas are simply an attempt to harass, especially since Google has not even sought VideoShare's or the inventors' deposition testimony in this case, and because VideoShare has not and will not waive its attorney-client privilege, VideoShare respectfully submits that the Court should quash the Subpoenas.

## II.  BACKGROUND

On January 23, 2019, VideoShare filed the application that led to U.S. Patent No. 10,362,341 ("the '341 Patent")—the patent-in-suit. The '341 Patent is a continuation of U.S. Patent No. 8,464,302 ("the '302 Patent") and claims priority to U.S. Provisional Patent Application No. 60/147,029, which was filed on August 3, 1999. Ex. 1 ('341 Patent) at 1:7-20.[2] VideoShare's counsel Buchanan, including Charlies F. Wieland III and Adam Banes, assisted in the prosecution of the '341 Patent. Ex. 2 ('341 Patent file history). Over the years, Buchanan has also prosecuted numerous other patents for VideoShare.

The '341 Patent eventually issued on July 23, 2019, and thereafter, on November 16, 2019, VideoShare filed suit against Google in the Western District of Texas for patent infringement.[3] Pursuant to the Scheduling Order, Google served its first set of discovery on VideoShare on November 13, 2020, which VideoShare timely answered. Ex. 3 (Google's first discovery requests). To date, Google has not sought nor deposed VideoShare or any of the named-inventors in the underlying litigation.

---

[2] All exhibits referenced herein are attached to the Declaration of William D. Ellerman.

[3] VideoShare previously asserted the '302 Patent against Google in Delaware District Court, resulting in an invalidity ruling that was later affirmed by the Federal Circuit. *See VideoShare, LLC v. Google, Inc., 13-CV-990* (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd,* 695 Fed. Appx. 577 (Fed. Cir. 2017). The law firm Dovel & Luner, which Google has also subpoenaed, represented VideoShare in the prior litigation.

On March 12, 2021, Google served VideoShare with a notice of the Subpoenas seeking both documents and deposition testimony from Buchanan and VideoShare's prior litigation counsel at Dovel & Luner, including the following which on their face are directed toward privileged information:

- **DEPOSITION TOPIC NO. 2:** The Asserted Patent, including but not limited to the prosecution of Application No. 16/254,700 that lead [sic] to the Asserted Patent.

- **DEPOSITION TOPIC NO. 4**: Communications with Gad Liwerant, Christopher Dodge, and/or Guillaume Boissiere (the "Co-Inventors"), the named co-inventors of the Asserted Patent.

- **DEPOSITION TOPIC NO. 5**: Communications with any attorney or employee from the law firm of Dovel and Luner related in any way to the Asserted Patent, the '302 Patent, the '608 Patent, This Litigation, The VideoShare I Litigation, the Invalidity Order(s), or Past Litigation(s) or Related Litigation(s).

- **DEPOSITION TOPIC NO. 6**: Communications with VideoShare related to (a) the prosecution of the Asserted Patent, (b) the preparation or filing of the Asserted Patent, or (c) the issuance of the Asserted Patent, or (d) any other proceeding involving the Asserted Patent.

- **DEPOSITION TOPIC NO. 7**: The preparation, filing, or prosecution of any application that led to the Asserted Patent or any Related Patent, including but not limited to any draft applications, any drawings, any draft amendments or remarks, any documents provided by the Co-Inventors or VideoShare to You concerning the Asserted Patent, and/or any expert consulted in connection with the prosecution of the Asserted Patent.

- **DEPOSITION TOPIC NO. 8:** Any search for information to include in an information disclosure statement or other submission to the USPTO (such as the Invalidity Orders, material from any Related Litigation, or Prior Art) in connection with the prosecution of the Asserted Patent.

- **DEPOSITION TOPIC NO. 9:** Any decision regarding materials to search for, cite, or not to cite during the prosecution of the Asserted Patent or any Related Patent.

- **DEPOSITION TOPIC NO. 11:** Any assessment of the scope, enforceability, or validity of any claim of the Asserted Patent.

- **DEPOSITION TOPIC NO. 12:** Attorney diaries, notebooks, notes, or time records for services concerning the Asserted Patent.

- **DEPOSITION TOPIC NO. 13:** Your, the Co-Inventor's, and/or VideoShare's alleged compliance with the requirements of 37 C.F.R. § 1.56, including the "duty to disclose," during the prosecution of the application leading to the Asserted Patent, including documents

sufficient to show whom the action was taken by, when the action was taken, and any documents or communications describing or relating to such actions.

- **DEPOSITION TOPIC NO. 14:** Communications and/or documents prepared in relation to the rejection of claims 1–7 of Application No. 16/254,700, which issued as the Asserted Patent, as being unpatentable over claims 1–17 of the '302 Patent and claims 1–23 of the '608 Patent.

- **DEPOSITION TOPIC NO. 19:** The bases for Your statement during the prosecution of the Asserted Patent in the April 23, 2019 Amendment and Reply to the Final Office Action, dated April 4, 2019, that "Applicant acknowledges with appreciation the Examiner considering the court documents from the litigation and references cited therein that were submitted on January 23, 2019," including any and all facts and circumstances known to you at the time evidencing that the examiner considered court documents from the *VideoShare I* Litigation.

- **REQUEST FOR PRODUCTION NO. 1:** All documents and things that constitute, refer to, or relate to the Asserted Patent, including but not limited to the prosecution of Application No. 16/254,700 that lead [sic] to the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 3**: All documents and things that constitute, refer to, or relate to communication with Gad Liwerant, Christopher Dodge, and/or Guillaume Boissiere (the "Co-Inventors"), the named coinventors of the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 4**: All documents and things that constitute, refer to, or relate to communication with any attorney or employee from the law firm of Dovel and Luner related in any way to the Asserted Patent, the '302 Patent, the '608 Patent, This Litigation, The VideoShare I Litigation, the Invalidity Order(s), or Past Litigation(s) or Related Litigation(s).

- **REQUEST FOR PRODUCTION NO. 5**: All documents and things that constitute, refer to, or relate to communication with VideoShare related to (a) the prosecution of the Asserted Patent, (b) the preparation or filing of the Asserted Patent, or (c) the issuance of the Asserted Patent, or (d) any other proceeding involving the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 6**: All documents that constitute, refer to, or reflect the preparation, filing, or prosecution of any application that led to the Asserted Patent or any Related Patent, including but not limited to any draft applications, any drawings, any draft amendments or remarks, any documents provided by the Co-Inventors or VideoShare to You concerning the Asserted Patent, and/or any document concerning any expert consulted in connection with the prosecution of the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 7:** All documents that constitute, refer to, or reflect efforts to search for information to include in an information disclosure statement or other submission to the USPTO (such as the Invalidity Orders, material from any Related Litigation, or Prior Art) in connection with the prosecution of the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 8:** All documents relating to any decision regarding materials to search for, cite, or not to cite during the prosecution of the Asserted Patent or any Related Patent.

- **REQUEST FOR PRODUCTION NO. 10:** All documents that constitute, refer to, or reflect any assessment of the scope, enforceability, or validity of any claim of the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 11:** All documents that relate to attorney diaries, notebooks, notes, or time records for services concerning the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 14:** All documents and communications that refer or relate to the rejection of claims 1–7 of Application No. 16/254,700, which issued as the Asserted Patent, as being unpatentable over claims 1–17 of the '302 Patent and claims 1–23 of the '608 Patent.

- **REQUEST FOR PRODUCTION NO. 15:** All documents concerning Your decision on whether or not to submit all documents relating to The *VideoShare I* Litigation to the United States Patent and Trademark Office during the prosecution of the application leading to the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 17:** All documents and communications that refer or relate to the Information Disclosure Statement You submitted to the United States Patent and Trademark Office on January 23, 2019 during the prosecution of the Asserted Patent.

Ex. 4 (Subpoenas) at 311-315 and 352-356. The subpoena was not served on Buchanan until March 18, 2021. Buchanan timely served its objections to the Subpoenas on March 29, 2021. VideoShare also objected to the Subpoenas on March 26, 2021.

The information requested in the Subpoenas mirrors the discovery requests Google has served, and which VideoShare has already answered in the underlying litigation. *Compare* Ex. 3, *with* Ex. 4. And even though Buchanan served as VideoShare's prosecution counsel whereas Dovel & Luner represented VideoShare in the Delaware litigation, Google's deposition topics and document requests to both firms are nearly identical, demonstrating that this discovery is nothing more than a fishing expedition designed to harass VideoShare and its prior counsel. *Compare* Ex. 4 at 311-315, *with id.* at 392-396 (listing twenty similar topics) and *id.* at 352-356, *with id.* at 435-439 (listing eighteen similar document requests).

## III. ARGUMENT

### A. Legal Standard

The Federal Rules of Civil Procedure provide that on a timely motion, courts must quash or modify a subpoena that: "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or… subjects a person to undue burden." FED. R. CIV. P. 45(c). A party issuing "a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). In determining whether a subpoena imposes an "undue burden" or hardship, courts consider all relevant facts and circumstances and balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it. *See Dell, Inc. v. DeCosta*, 233 F. Supp. 3d 1, 3 (D.D.C. 2017) (declaring that if a party has standing to challenge a subpoena because he has asserted a privilege, personal interest, or proprietary interest, he may also raise other grounds for attacking the subpoena, such as undue burden and relevance).

### B. VideoShare's Motion to Quash is Properly Before This Court.

A party to an action has standing to quash or modify a third-party subpoena where the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information. *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter."); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."); *see also DIRECTV, Inc. v. Richards*, No. 03-5606, 2005 WL 1514187, at *2-4 (D.N.J. June 27, 2005) (declaring that if a party has standing to challenge a subpoena because he has asserted a privilege, personal interest or proprietary interest, he may also raise other grounds

for attacking the subpoena, such as undue burden and relevance). Here, VideoShare's right to assert privilege is indisputable because Buchanan was VideoShare's patent prosecution counsel. Thus, VideoShare has standing to challenge the Subpoenas.

Further, a motion seeking to quash a subpoena must be filed in the judicial district where compliance of the subpoena is required. Fed. R. Civ. P. 45(d)(3). Google's Subpoenas require compliance within this judicial district. *See* Ex. 4. Thus, VideoShare's motion is properly before this Court.

### C. Google's Subpoenas Seek Privileged Information.

If a subpoena requests privileged information, that alone may be grounds for quashing that subpoena. *See Unigene Lab'ys, Inc. v. Apotex, Inc.*, No. 07-80218, 2007 WL 2972931, at *3, *4 n.2 (N.D. Cal. Oct. 10, 2007) (granting motion to quash subpoena upon finding that "deposition of [patent counsel] [would be] futile since any information relevant to the controversy, whether technical or legal, falls within the protection of the attorney-client privilege" ... "[T]he protections of the attorney-client privilege alone warrant quashing the subpoena ...."). The attorney-client privilege protects from forced disclosure confidential communications between client and lawyer when the purpose of the communication was to secure or provide legal advice in connection with obtaining a patent. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000) ("[T]he preparation and prosecution of patent applications for others constitutes the practice of law."); *Rohm and Haas Co. v. Brotech Corp.*, 815 F. Supp. 793, 797 (D. Del. 1993) (Draft patent applications "often contain information and communications relating to the subject matter of the document, including, ..., proposed material to be included, suggested additions and deletions, and comments on the contents, all of which are intended to be considered confidential between attorney and client and not intended for public disclosure.").

8

Here, the applicability of the attorney-client privilege or work-product protection is readily apparent given Google's deposition topics and document requests. For example, Deposition Topic No. 6 and Request for Production No. 5 seek information and "[a]ll documents and things" regarding "***communications with VideoShare*** related to (a) the prosecution of the Asserted Patent, (b) the preparation or filing of the Asserted Patent, or (c) the issuance of the Asserted Patent, or (d) any other proceeding involving the Asserted Patent," whereas Deposition Topic No. 7 and Request for Production No. 6 seek information and "[a]ll documents and things" regarding "the preparation, filing, or prosecution of any application that led to the ***Asserted Patent or any Related Patent***, including but not limited to ***any draft applications, any drawings, any draft amendments or remarks***, any documents provided by the Co-Inventors or VideoShare to You concerning the Asserted Patent, and/or any document concerning any expert consulted in connection with the prosecution of the Asserted Patent." Ex. 4 at 312 and 353 (emphasis added).[4] But such communications regarding the '341 Patent or any "Related Patent," including the preparation of the applications, the filing of the applications, and the prosecution of the applications—and decisions VideoShare's counsel made based thereon—are all protected by attorney-client privilege. *See In re TQ Delta*, No. CV 17-MC-328-RGA, 2018 WL 5033756, at *3 (D. Del. Oct. 17, 2018) ("To seek information about decisions made during patent prosecution is to seek the communications between the attorney and client in determining how best to prosecute the patent. This is a clear example of legal advice intended to be protected by the attorney-client privilege.").[5]

---

[4] Nearly every Request for Production has a corresponding Deposition Topic.

[5] The rest of the document requests and deposition topics similarly seek privileged information. *See* Ex. 4 at 311-315 and 352-356 (Deposition Topic Nos. 2-10, 12-15, and 18-20 and Request for Production Nos. 1-15 and 17-18).

9

More importantly, VideoShare has not waived its attorney-client privilege because it has never asserted its prosecution counsel's mental state as a defense to Google's inequitable conduct claim. Thus, the prosecution counsel's mental impressions are not at issue. The attorney-client privilege can only be waived expressly when the client discloses the contents of its communication with counsel, or impliedly when the client puts "at issue" counsel's advice to it. *Wi-LAN, Inc. v. LG Elecs., Inc.*, 684 F.3d 1364, 1370 (Fed. Cir. 2012) (attorney-client privilege is waived by implication where party does not expressly disclose his lawyer's advice but "makes the content of his attorney's advice relevant to some claim or defense in the case"). Here, VideoShare did neither. With respect to Google's inequitable conduct claim, VideoShare denies that any person with a duty to disclose material information to the U.S. Patent and Trademark Office actually withheld material information and does not rely on an argument that VideoShare and its prosecuting counsel acted in "good faith" in withholding certain materials. Indeed, VideoShare specifically denies that it intentionally withheld material information. The mere denial of intent is insufficient to establish waiver of the privilege. *Genentech, Inc. v. Insmed, Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006). *Games2U, Inc. v. Game Truck Licensing, LLC*, 2013 WL 4046655, *8-*9 (D. Ariz. 2013) (granting motion to quash deposition subpoena of the prosecuting patent counsel even though inequitable conduct had been asserted).

Because the attorney-client privilege is the client's, not the attorney's, privilege to waive, unless and until VideoShare waives its rights (which VideoShare will not do), non-party counsel cannot divulge the information requested. Accordingly, this Court must quash Google's Subpoenas.

**D. Google's Subpoenas Impose an Undue Burden.**

The Subpoenas are also unduly burdensome and must be quashed because Google can obtain any non-privileged information it seeks from other more appropriate and convenient sources, or already has such information in its possession. Indeed, VideoShare produced all non-privileged documents related to the filing and prosecution of the '341 Patent at the outset of the case pursuant to

10

the Western District of Texas' local patent rules, and courts have repeatedly found that "the prosecution histories speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories, not what [the party's] litigation counsel thinks about them." *Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 CIV.3578(RWS), 2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004); *see also Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 385 (D.D.C. 2011) (quoting and adopting the language in *Resqnet.Com* in quashing a subpoena for deposition of prosecution counsel). Thus, any relevant information that Google seeks regarding prosecution of the patent-in-suit can be obtained from the prosecution history that has long been in its possession.

Moreover, any relevant, non-privileged information regarding the prosecution of the patent-in-suit is a matter of written record and can be obtained—immediately and without cost via free download over the Internet—from the U.S. Patent and Trademark Office. *See* 37 C.F.R. § 1.2 ("All business with the Patent and Trademark Office should be transacted in writing…. The action of the Patent and Trademark Office will be based exclusively on the written record in the office."); *see also Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (stating that the prosecution history of a patent "contains the complete record of all proceedings before the Patent and Trademark Office").

If Google is unsatisfied with the sufficiency of what VideoShare has already produced, Google should seek such publicly available information from the U.S. Patent and Trademark Office rather than burdening non-party Buchanan. *See Charvat v. Travel Servs.*, No. 12 CV 5746, 2015 WL 76901, at *2 (N.D. Ill. Jan. 5, 2015) (quashing a subpoena sua sponte because "the requested information [was] available from public sources"). And if Google seeks more information regarding the prosecution of the '341 Patent than what is in its possession or publicly available, Google also has

11

the option of deposing VideoShare or the named-inventors. *See Sterne Kessler*, 276 F.R.D. at 385 (noting that depositions of inventor are more convenient and less burdensome means of obtaining requested discovery than deposition of attorney); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 86 (M.D.N.C. 1987) ("If there are other persons available who have the information, they should be deposed first.").[6]

## IV.  CONCLUSION

Based on the foregoing, Google should not be permitted to depose and obtain highly privileged materials from VideoShare's prosecution counsel, Buchanan.

Dated: April 1, 2021

Respectfully submitted,

/s/ Cecil E. Key
Cecil E. Key
Jay P. Kesan
**KEY IP LAW GROUP, PLLC**
1934 Old Gallows Road, Suite 350
Vienna, Virginia 22182
Phone: (703) 752-6276
Fax:     (703) 752-6201
Email:  cecil@keyiplaw.com
            jay@keyiplaw.com

---

[6] The Subpoenas are also overly broad and improper because Google seeks information regarding not only the '341 Patent, but also any "Related Patents," and the requests demand "All documents and things" concerning the subject matter. *See, e.g.*, Ex. 4 at 312 and 353 (Deposition Topic No. 7 and Request for Production No. 6). This is compounded by the fact that Buchanan has prosecuted several patents on behalf of VideoShare since early 2016. Thus, the Subpoenas must be quashed because the burden imposed on Buchanan in responding to the document requests and preparing for a deposition is high. *In re TQ Delta*, 2018 WL 5033756, at *2 (finding requests seeking "all documents and things" and "all communications" related to asserted patents and any related patents overly broad and unduly burdensome).

Of Counsel:

William D. Ellerman
SHORE CHAN LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
Email: wellerman@shorechan.com

*COUNSEL FOR VIDEOSHARE, LLC.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on April 1, 2021, a true and correct copy of the foregoing document was served via electronic transmission, upon the following attorney:

| | |
|---|---|
| David S. Almeling | J. Mark Mann |
| dalmeling@omm.com | mark@themannfirm.com |
| Bill Trac | G. Blake Thompson |
| btrac@omm.com | blake@themannfirm.com |
| Amy Liang | MANN \| TINDEL \| THOMPSON |
| aliang@omm.com | 300 West Main Street |
| O'MELVENY & MYERS LLP | Henderson, Texas 75652 |
| Two Embarcadero Center, 28th Floor | Telephone: 903-657-8540 |
| San Francisco, CA 94111-3823 | Facsimile: 903-657-6003 |
| Telephone: 415-984-8700 | |
| Facsimile: 415-984-8701 | *Attorneys for Google LLC and YouTube, LLC* |

*Attorneys for Google LLC and YouTube, LLC*

                                           */s/ William D. Ellerman*
                                             William D. Ellerman