# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE NONPARTY SUBPOENAS<br><br>VIDEOSHARE, LLC,<br><br>            Plaintiff,<br>   v.<br><br>GOOGLE LLC and<br>YOUTUBE, LLC,<br><br>            Defendants. | Civil Action No. 1:21-mc-00038-ABJ<br><br>UNDERLYING LITIGATION:<br>CIVIL ACTION NO. 6:19-CV-00663-ADA |

**GOOGLE'S OPPOSITION TO VIDEOSHARE'S MOTION TO QUASH GOOGLE LLC AND YOUTUBE, LLC'S SUBPOENAS TO BUCHANAN INGERSOLL & ROONEY PC**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................................. 1

III.  LEGAL STANDARDS ...................................................................................................... 4

    A.    Motions to Quash .................................................................................................... 4

    B.    Inequitable Conduct ................................................................................................ 4

IV.   ARGUMENT ...................................................................................................................... 4

    A.    The Requested Discovery Is Not Subject To Privilege .......................................... 5

        1.    Attorney-Client Privilege And The Work Product Doctrine Do Not Apply ............................................................................................................ 5

        2.    VideoShare Waived Privilege By Putting Its Communications to Buchanan Through Dovel & Luner At Issue ............................................... 7

    B.    Discovery From Buchanan Is One Of The Most Important Sources Of Evidence For Google's Case-Dispositive Inequitable Conduct Defense ............... 8

V.    CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

Page

**CASES**

*\* Amicus Commc'ns, L.P. v. Hewlett-Packard Co.*,
    No. 99-0284 HHK/DAR, 1999 WL 33117227 (D.D.C. Dec. 3, 1999) ................... 5

*Ecomission Sols., LLC v. CTS Holdings, Inc.*,
    No. 16-1793 (EGS), 2016 WL 4506974 (D.D.C. Aug. 26, 2016)............................ 4

*\* Environ Prods., Inc. v. Total Containment, Inc.*,
    No. CIV. A. 95-4467, 1996 WL 494132 (E.D. Pa. Aug. 22, 1996) ......................... 9

*\* Genal Strap, Inc. v. Dar*,
    No. CV2004-1691(SJ)(MDG), 2006 WL 525794 (E.D.N.Y. Mar. 3, 2006)........................ 6, 9

*Hoffmann-La Roche, Inc. v. Promega Corp.*,
    323 F.3d 1354 (Fed. Cir. 2003)................................................................ 4, 8

*In re Spalding Sports Worldwide, Inc.*,
    203 F.3d 800 (Fed. Cir. 2000).................................................................... 7

*\* Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
    984 F.2d 1182 (Fed. Cir. 1993).................................................................. 6, 9

*Rohm & Haas Co. v. Brotech Corp.*,
    815 F. Supp. 793 (D. Del. 1993).................................................................. 7

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
    276 F.R.D. 376 (D.D.C. 2011)................................................................... 4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011)................................................................. 4

*Unigene Labs., Inc. v. Apotex, Inc.*,
    No. 07-80218, 2007 WL 2972931 (N.D. Cal. Oct. 10, 2007) ................................ 7

*\* Versatile Housewares & Gardening Sys. Inc. v. Thill Logistics Inc.*,
    No. 09CIV10182, 2010 WL 11601216 (S.D.N.Y. Dec. 6, 2010)........................... 9

**RULES**

Fed. R. Civ. P. 26............................................................................................ 4

**REGULATIONS**

\* 37 C.F.R. § 1.56 ....................................................................................... 2, 3

I.      **INTRODUCTION**

Google LLC and YouTube, LLC (collectively, "Google") oppose VideoShare, LLC's ("VideoShare") Motion to Quash Google's Subpoenas to Buchanan Ingersoll & Rooney PC ("Buchanan").  Buchanan itself did not file a motion to quash and instead had offered a witness for deposition on multiple dates—likely because, as a patent prosecution firm, it knows that such discovery is permissible, necessary, and even routine where a defendant asserts that inequitable conduct by patent prosecution counsel renders a patent unenforceable.

VideoShare, however, intervened and filed a Motion to Quash ("Motion").  This Motion reflects a fundamental misunderstanding of the law on discovery, inequitable conduct, and privilege.  The work product doctrine protects work performed in the course of or in anticipation of litigation—not patent prosecution work.  Applicable authority uniformly holds that a patent prosecution attorney's mental impressions and intent are not only discoverable but directly relevant to inequitable conduct and are not part of a patent's public prosecution history record.  VideoShare's Motion should be denied because it presents no valid basis to block Google's requests for targeted discovery relating to this potentially case-dispositive issue.

II.     **STATEMENT OF FACTS**

VideoShare filed a first patent infringement lawsuit against Google in 2012, asserting two patents: U.S. Patent Nos. 8,464,302 ("the '302 Patent") and 8,434,608 ("the '608 Patent").  But in 2016, Google proved that the '302 and '608 Patents were invalid and obtained an order confirming invalidity of those two patents in August 2016.  Ex. A.[1]  The Federal Circuit affirmed that invalidity finding in August 2017.  Ex. B.

---

[1] All Exhibits cited herein are Exhibits to the Declaration of B. Trac.

1

On January 23, 2019, VideoShare and Buchanan filed the patent application that led to the currently asserted '341 Patent. The '341 patent application is a continuation of the already invalidated '302 Patent, and VideoShare submitted various prior art references and documents from the prior litigation of the '302 Patent. *See* Dkt. 1-3 at 2, 13–49. But VideoShare and Buchanan omitted two of the most important documents—the Delaware invalidity order finding that the subject matter of the '302 Patent is invalid as a matter of law and the Federal Circuit order affirming the same (collectively, "Invalidity Orders"). *Id*.

On April 4, 2019, the patent examiner issued a non-final rejection indicating that he would allow the '341 Patent claims as long as VideoShare disclaimed new patent claims' term that went beyond any of the terms of the other patents in the family. *Id.* at 144–147. On April 23, 2019, VideoShare submitted those terminal disclaimers and, with them, mentioned for the first time that the parent '302 Patent was invalid because it covered abstract, unpatentable subject matter. *Id*. That oblique mention of the prior invalidity findings was a two-sentence statement that "acknowledge[d] with appreciation the Examiner considering the court documents from the [prior] litigation." *Id.* at 201. But the Invalidity Orders are not in the patent prosecution record, and there is no indication that VideoShare's prosecution counsel had ever submitted or notified the examiner of the Invalidity Orders. The '341 Patent issued on July 23, 2019, without further examination by the patent examiner. *Id.* at 207. VideoShare sued Google for infringement of the '341 Patent a few months later on November 15, 2019. Ex. C.

Google has pled an affirmative defense that the asserted '341 Patent is unenforceable due to inequitable conduct. Ex. D, ¶¶ 81–91. This is a case-dispositive issue because if the '341 Patent is unenforceable, all of VideoShare's claims are rendered moot. Google's Answer sets forth detailed factual allegations underlying Google's inequitable conduct defense, including: that the patent prosecution attorneys had an obligation under 37 C.F.R. § 1.56 to disclose the

prior invalidation of the '302 Patent to the USPTO but did not do so (*id.* ¶¶ 84–85, 88); that they instead intentionally submitted a disclosure that included only a subset of documents from the '302 Patent litigation and specifically excluded the Invalidity Orders (*id.* ¶¶ 87, 89–90); and that "the single most reasonable inference to be drawn from the failure to disclose the Invalidity Orders is that Applicant VideoShare and VideoShare's representatives, including at least Mr. Liwerant and Mr. Wieland, deliberately chose to withhold the Invalidity Orders from the mass of other litigation documents that they submitted in the prosecution of the '341 Patent with the specific intent to deceive the Patent Office to issue the '341 Patent" (*id.* ¶ 91). Buchanan attorneys Charles F. Wieland III and Adam Barnes worked on the prosecution of the '341 Patent. Mot. at 2. Each had a duty of candor to the USPTO. 37 C.F.R. § 1.56.

Google attempted to obtain as much relevant information as it could from VideoShare before subpoenaing Buchanan. When Google asked what actions were taken to comply with the "duty to disclose" under 37 C.F.R. § 1.56, VideoShare responded that "***VideoShare instructed its counsel in the VideoShare I Litigation at Dovel & Luner, LLP to provide its patent prosecution counsel at Buchanan Ingersoll & Rooney PC with all relevant materials***, which was then disclosed to the United States Patent and Trademark Office in an Information Disclosure Statement on January 23, 2019." Ex. E. But when asked to admit that the Buchanan attorneys were aware of the Invalidity Orders on January 23, 2019, VideoShare claimed that it "lacks sufficient knowledge or information" to respond. Ex. F.

Google then issued subpoenas to Buchanan requesting documents and a deposition regarding the Buchanan attorneys' work on the '341 Patent. Dkt. 1-5. Every request for production and deposition topic is narrowly tailored to only request information about the asserted '341 Patent; the parent '302 Patent; the '608 Patent; patent prosecution work performed

3

for the '341 Patent; and Buchanan's, Mr. Wieland's, and Mr. Barnes's knowledge of the '302 Patent litigation history and Invalidity Orders. *See id.* at 13–17.

On March 29, 2021, Buchanan responded to Google's subpoenas with objections, but offered multiple dates for Google to depose its witness. Ex. G. Buchanan stopped communicating with Google once VideoShare filed its Motion to Quash.

### III.  LEGAL STANDARDS

#### A.  Motions to Quash

Fed. R. Civ. P. 26 permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The party moving to quash a subpoena bears the burden to demonstrate that a subpoena must be modified or quashed. *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 379 (D.D.C. 2011) (citations omitted). "The quashing of a subpoena is an extraordinary measure and courts should be loath to grant such relief where other protection of less absolute character is possible." *Ecomission Sols., LLC v. CTS Holdings, Inc.*, No. 16-1793 (EGS), 2016 WL 4506974, at *2 (D.D.C. Aug. 26, 2016) (citations omitted).

#### B.  Inequitable Conduct

To prove inequitable conduct, an accused infringer must show a "misrepresentation or omission of a material fact, together with an intent to deceive the PTO." *Hoffmann-La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003). "[T]he evidence must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).

### IV.  ARGUMENT

VideoShare raises two objections to Google's subpoenas: (a) privilege and (b) undue burden. First, privilege does not apply to the requested discovery because the Buchanan

attorneys' intent is directly at issue, and courts routinely permit discovery from patent prosecution counsel when inequitable conduct claims are at issue.  Additionally, VideoShare waived privilege, to the extent any existed, by affirmatively pointing its communications to Buchanan (through its prior litigation counsel) as allegedly discharging VideoShare's own duty of disclosure to the USPTO.  Second, burden is only undue when it outweighs the likely benefit and relevance of the proposed discovery and there are less burdensome means to obtain the same evidence.  Here, it is indisputable that the requested discovery from Buchanan is one of the most important sources of evidence for Google's inequitable conduct defense, which is a case-dispositive issue.  It is also indisputable that Buchanan is the main, and possibly only, source of the required evidence.

> A. **The Requested Discovery Is Not Subject To Privilege**
>
>> 1. **Attorney-Client Privilege And The Work Product Doctrine Do Not Apply**

Courts routinely permit discovery from prosecution counsel, finding that attorney-client privilege and work product protections do not apply to a patent prosecutor's work or mental state.

In *Amicus Communications, L.P. v. Hewlett-Packard Co.*, a court in this District denied a motion to quash filed by a patent attorney, finding that "several courts have allowed the depositions of patent prosecution counsel, and have refused to uphold such counsel's blanket invocation of attorney-client privilege" and that "work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection."  No. 99-0284 HHK/DAR, 1999 WL 33117227, at *2 (D.D.C. Dec. 3, 1999) (citations omitted).  The court's order cited seven supporting decisions from courts across the country, holding that privilege does not protect patent prosecution counsel's work and thought

processes from discovery.  *See id.*

In *Genal Strap, Inc. v. Dar*, the court explained that because of the patent prosecution attorney's "role in the patent prosecution, [his] deposition is crucial to [the] inequitable conduct defense" and that "work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection because it is not created in anticipation of litigation."  No. CV2004-1691(SJ)(MDG), 2006 WL 525794, at *2–3 (E.D.N.Y. Mar. 3, 2006).  In addition to the orders cited by the *Amicus Communications* court, the *Genal Strap* order cited two more orders that permitted discovery from prosecution counsel.  *See id.*

And the Federal Circuit in *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.* commented approvingly that the district court's "summary judgment [of inequitable conduct] here was not based merely on affidavits from the parties[;] [t]he record also contains answers to interrogatories and deposition testimony from the attorney and others on this matter."  984 F.2d 1182, 1192 (Fed. Cir. 1993).  The Federal Circuit affirmed that the asserted patent was unenforceable due to inequitable conduct after finding that the record, including "[t]he patent attorney's [] deposition testimony," showed "culpable intent."  *Id.* at 1193.

These are just a few of the cases that have considered the same objections raised by VideoShare and held that discovery from patent prosecution counsel is proper and not privileged. For the same reasons explained in those cases, neither the attorney-client privilege nor the work product doctrine applies to the requested discovery from Buchanan.  The Buchanan attorneys performed patent prosecution work, not work in anticipation of litigation.  Moreover, this non-privileged information is undoubtedly relevant; the Buchanan attorneys' work, knowledge, and intent are directly at issue to the question of whether the omission of the Invalidity Orders was done with the intent to deceive the PTO, and Buchanan is the main and potentially only source of that evidence.

### 2. VideoShare Waived Privilege By Putting Its Communications to Buchanan Through Dovel & Luner At Issue

Moreover, VideoShare has waived any conceivably applicable privilege by affirmatively placing its communications to Buchanan (through its litigation counsel Dovel & Luner) at issue. Specifically, VideoShare alleged that it fulfilled its duty to the USPTO when "VideoShare instructed its counsel in the *VideoShare I* Litigation at Dovel & Luner, LLP to provide its patent prosecution counsel at Buchanan Ingersoll & Rooney PC with all relevant materials." Ex. E.[2] VideoShare thus opened the door to Google's discovery requests about Buchanan's "communications with VideoShare" and with Dovel & Luner. This also disproves VideoShare's allegation that similarities between Google's subpoenas to Buchanan and Dovel & Luner evidence a "fishing expedition designed to harass VideoShare and its prior counsel." It was VideoShare who first asserted that its communications to Buchanan through Dovel & Luner are relevant.

VideoShare's reliance on *Unigene Laboratories, Inc. v. Apotex, Inc.*, No. 07-80218, 2007 WL 2972931 (N.D. Cal. Oct. 10, 2007), *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000), and *Rohm & Haas Co. v. Brotech Corp.*, 815 F. Supp. 793, 797 (D. Del. 1993), is misplaced. None of those parties placed its communications with counsel directly at issue in their cases by citing their communications as evidence for a defense. Further, the communications in *In re Spalding* and *Rohm & Haas* were between the inventors and their patent prosecution attorneys for the purposes of obtaining legal advice on what to include in their patent application drafts. In contrast, VideoShare contends that it discharged its duty of disclosure by

---

[2] Three months after making this allegation in an interrogatory response, VideoShare served an amended interrogatory response stating that VideoShare provided the prior litigation records to Buchanan. That amendment does not cure for VideoShare the waiver of privilege; to the contrary, it heightens the need for discovery into which, if either, of these narratives is true and thus which of VideoShare and its agents potentially committed inequitable conduct.

7

instructing Dovel & Luner to provide "all relevant materials" to Buchanan—it does not contend that it sought legal advice from Buchanan.

VideoShare's attempt to use privilege as a sword and shield must be denied. It should not be allowed to claim that it and the Buchanan attorneys fulfilled their duty to disclose the Invalidity Orders while also claiming privilege to block any discovery from those attorneys. The Buchanan attorneys' knowledge, records, and intent are squarely at issue in the underlying suit and critical to Google's inequitable conduct defense, and prohibiting the requested discovery would cause undue prejudice to Google.

**B.     Discovery From Buchanan Is One Of The Most Important Sources Of Evidence For Google's Case-Dispositive Inequitable Conduct Defense**

To prove specific intent to deceive, which is a required element of an inequitable conduct defense, Google must show that the Buchanan attorneys were aware of the Invalidity Orders and that they withheld the orders from the USPTO with intent to deceive. *Hoffmann-La Roche*, 323 F.3d at 1359. Google first attempted to obtain as much information as it could from VideoShare, but VideoShare averred that it "lacks sufficient knowledge or information" to answer. Ex. F. VideoShare thus contradicts itself when it argues that Google already has this information, can find it in public records, or should seek this discovery from "more appropriate and convenient sources." VideoShare's discovery responses prove that the necessary information is not public, is not already known, and is not in VideoShare's possession. Buchanan is the best, and likely only, source of this information, and there is no less burdensome way to obtain direct discovery regarding Buchanan's actions and state of mind.

Moreover, Google's requests for production and deposition topics are narrowly tailored to only request information about the asserted '341 Patent; the parent '302 Patent; the '608 Patent; patent prosecution work performed for the '341 Patent; and Buchanan's, Mr. Wieland's,

8

and Mr. Barnes's knowledge of the '302 Patent litigation history and Invalidity Orders.  *See* Dkt. 1-5 at 13–17.  The discovery is targeted toward the facts needed to probe Google's inequitable conduct claims.  Indeed, Buchanan itself was prepared to move forward with discovery, offering deposition dates before VideoShare intervened.  Ex. G.

Again, numerous courts have held that a prosecution counsel's mental impressions and intent should be obtained directly from the patent prosecution counsel.  In *Environ Products, Inc. v. Total Containment, Inc.*, No. CIV. A. 95-4467, 1996 WL 494132, at *4 (E.D. Pa. Aug. 22, 1996), the court held that the prosecution attorney's "mental impressions relevant to this issue can only be discovered directly from him."  *Id*.  In *Paragon Podiatry*, the Federal Circuit analyzed the "[t]he patent attorney's [] deposition testimony" to determine "culpable intent."  984 F.2d at 1193.  In *Versatile Housewares & Gardening Systems Inc. v. Thill Logistics Inc.*, the court held that a trademark prosecution attorney's "subjective state of mind regarding [a filed application] satisfies the broad relevancy standard set forth in Rule 26" because "the knowledge and actions of a patent applicant's attorney are chargeable to the applicant" and "the prosecuting attorney's mental impressions are crucial to any claim of inequitable conduct."  No. 09CIV10182, 2010 WL 11601216, at *4 (S.D.N.Y. Dec. 6, 2010) (citing *Genal Strap*, 2006 WL 525794, at *2).  Simply put, it is well recognized that discovery from prosecution attorneys is critical to inequitable conduct claims, and Google's requested discovery is far from extraordinary.

## V.     **CONCLUSION**

VideoShare's motion to quash should be denied because the requested discovery is not protected by privilege and is not obtainable from a less burdensome source.

9

Dated:  May 5, 2021                                    O'MELVENY & MYERS LLP


By: */s/ Bradley N. Garcia*
    Bradley N. Garcia
    D.C. Bar No. 981973
    1625 Eye Street, NW
    Washington, DC 20006-4061
    Tel: 202-383-5300
    Fax: 202-383-5414
    Email: bgarcia@omm.com

    Bill Trac
    Admitted *pro hac vice*
    Two Embarcadero Center, 28th Floor
    San Francisco, CA  94111-3823
    Tel: 415-984-8700
    Fax: 415-984-8701
    Email: btrac@omm.com

    Attorneys for Defendants
    Google LLC and YouTube, LLC

**CERTIFICATE OF SERVICE**

  Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on May 5, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via electronic transmission.

               */s/ Bradley N. Garcia*
               Bradley N. Garcia